UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAREEM HASSAN MILHOUSE, | : | |
|     Petitioner | : | No. 1:15-CV-0390 |
| | : | |
|   vs. | : | (Judge Kane) |
| | : | |
| DAVID EBBERT, | : | |
|     Respondent | : | |

**MEMORANDUM**

**Background**

On February 24, 2015, Kareem Hassan Milhouse, an inmate confined in the Special Management Unit at the United States Penitentiary, Lewisburg, Pennsylvania ("USP-Lewisburg), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, in which he named the Warden of USP-Lewisburg as the Respondent. (Doc. No. 1.) In the petition, Milhouse challenges his placement in the Special Management Unit and requests "immediate transfer from [the] special management unit." (Id. at 8.) Milhouse further claims that his placement in the Special Management Unit was based on two prior misconducts of which he was found guilty by a Discipline Hearing Officer in September, 2013,[1] and January,

---

1. Milhouse received an Incident Report, number 2490018, on September 8, 2013. (Doc. 6-1, at 8.) A hearing before a Discipline Hearing Officer was held on September 16, 2013. (Id.) Milhouse admitted that he engaged in fighting resulting in minor injury and received 30 days of disciplinary segregation and lost 27 days of Good Conduct Time. (Id.) There is no indication that Milhouse filed an administrative appeal. (Id.)

2014.[2] (Doc. 7, at 1.) Milhouse states the "grounds" for his habeas petition are "Due Process violations" and "Double Jeopardy." (Doc. No. 1, at 7-8.)  Along with the petition, Milhouse filed a motion for leave to proceed in forma pauperis. (Doc. No. 2.)  After being directed to do so, a response to Milhouse's habeas petition was filed by Warden Ebbert on May 27, 2015. (Doc. No. 6.)  The petition became ripe for disposition on June 18, 2015, when Milhouse filed a traverse.  For the reasons set forth below Milhouse's petition will be denied.

**Discussion**

It is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475 (1973); see also Rinaldi v. Zickefoose, 2013 WL 4812491, at *1 (M.D.Pa. 2013)(Rambo, J.)(citing Preiser v. Rodriguez). However, "[f]ederal habeas corpus review is available only 'where the deprivation of rights is such that it necessarily impacts the fact or length of detention.'" Rinaldi, 2013 WL 4812491, at *1 (quoting Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002); see also Descamps v. Warden Lewisburg USP, 617 F. App'x 110, 111 (3d Cir. 2015)(the purpose of a habeas petition is to challenge

---

2. Milhouse received an Incident Report, number 2526704, on December 14, 2013. (Doc. 6-1, at 8.) A hearing before a Discipline Hearing Officer was held on January 8, 2014. (Id.) Milhouse admitted that he possessed homemade alcohol and lost 40 days Good Conduct Time and commissary and visiting privileges for 90 days. (Id.)  It appears that Milhouse did pursue an administrative appeal. (Id.)

the fact or duration of confinement not the conditions of confinement);[3] McCarthy v. Warden, USP Lewisburg, 417 F. App'x 128, 129-130 (3d Cir. March 14, 2011)(same); Brown v. Bledsoe, 405 F. App'x 575, 576-577 (3d Cir. Jan. 12, 2011)(same); Bedenfield v. Warden Lewisburg, 393 F. App'x 32, 33 (3d Cir. Sept. 9, 2010)(same).

A prisoner has no justifiable expectation that he will be incarcerated in a particular prison or prison cell block or unit. Olim v. Wakinekona, 461 U.S. 238 (1983). With respect to federal prisoners, the Bureau of Prisons has the power, pursuant to 18 U.S.C. § 3621(b), to "transfer a prisoner from one facility to another at any time." Prows v. Federal Bureau of Prisons, 981 F.2d 466, 469 n.3 (10th Cir. 1992), cert. denied, 510 U.S. 830, 114 S. Ct. 98 (1993); Cardenas v. Wigen, 921 F. Supp. 286, 291 (E.D. Pa. 1996). Section 3621(b) authorizes the Bureau "to designate the place of confinement for purposes of serving federal sentences of imprisonment." Barden v. Keohane, 921 F.2d 476 (3d Cir. 1991).

In the instant petition, Milhouse is not challenging the fact or duration of his present incarceration. Rather, Milhouse seeks

---

3. In Descamps, a per curiam and non-precedential opinion, the Court of Appeals summarily affirmed the order of the district court "because no substantial question [was] presented by [the] appeal." 617 F. App'x at 111. In so doing the Court citing Leamer v. Fauver, a precedential opinion, stated as follows: "To the extent that Descamps challenged the adequacy of the dental and mental care he is receiving, he is challenging conditions of his confinement; his claims do not sound in habeas corpus." Id.

3

to challenge the locality and conditions of his confinement. He challenges his designation and placement in the Special Management Unit. The fact that Milhouse was placed in the Special Management Unit does not impact the fact or length of his incarceration. Moreover, it is clear that decisions regarding Milhouse's designation are within the sound discretion of the BOP, an agency under the Justice Department and overseen by the Attorney General. Accordingly, "habeas corpus is not an appropriate or available federal remedy." Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993).[4]

Finally, because Milhouse is not detained because of process issued by a state court and the petition is not brought pursuant to 28 U.S.C. § 2255, no action by this court with respect

---

4. While the Due Process Clause protects against the revocation of good-time, it does not provide the same level of protection against the imposition of other forms of discipline. See Torres v. Fauver, 292 F.3d 141, 150-51 (3d Cir.2002) (citing Sandin v. Conner, 515 U.S. 472, 486(1995)). Milhouse's designation to the Special Management Unit is not a form of discipline but a matter of security classification and, even if it was a matter of discipline, it does not invoke the same due process protections. See Torres, 292 F.3d at 150-51. Such designation cannot be challenged under § 2241 because in no manner does it affect the fact or length of his sentence or confinement. See Leamer v. Fauver, 288 F.3d 532, 540-42 (3d Cir.2002). Furthermore, Milhouse has not cited any authority prohibiting the BOP from considering an inmate's disciplinary record in determining whether or not the inmate should be placed in the Special Management Unit.

to a certificate of appealability is necessary.

An appropriate order will be entered.